IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

ROGER MERRITT THIELEMAN #1153979 §

VS. § CIVIL ACTION NO. 9:11CV10

RICK THALER, ET AL §

MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REOPEN CASE

Plaintiff Roger Merritt Thieleman originally filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 12, 2011. At that time, it was referred to a Magistrate Judge for review and recommendations. On March 9, 2011, Plaintiff filed a Motion to Withdraw Case, stating that he had been transferred from the Eastham Unit to the Ramsey I Unit to participate in the G.R.A.D. program and was no longer in administrative segregation with the active gang members who he asserted threatened his safety. He asked to "drop" his lawsuit but retain the ability to re-file it at a later date. The Magistrate Judge issued a Report and Recommendation (R&R) on March 17, 2011, recommending that the case be dismissed without prejudice on Plaintiff's motion. This Court adopted the R&R on April 26, 2011, and entered Final Judgment dismissing the lawsuit without prejudice.

Plaintiff has subsequently filed a letter (docket entry #15) stating that he is again being threatened by the presence of security threat group gang members against whom he had testified and asking that the Court take notice of his situation. Arguably, the letter could be construed as a letter motion to reopen Plaintiff's civil rights action.

1

Notwithstanding his letter motion, on August 26, 2011, Plaintiff also filed a new, separate § 1983 action in *Thieleman v. Thaler*, Case No. 9:11cv139, also before this Court. There, he asserted essentially the same facts, if not location, and cause of action as in the instant, original lawsuit. On its face, the new lawsuit was properly filed given that the original action was dismissed without prejudice to re-filing. That said, when Plaintiff filed his original lawsuit before this Court, he was incarcerated in the Eastham Unit in the Eastern District of Texas. That was the situs of the "events or omissions giving rise to the claim," *see* 28 U.S.C. § 1391(b), and jurisdiction was appropriate in this district. However, at the time he filed his new case, he was incarcerated in the Ramsey I Unit, which is located in the Southern District of Texas. Plaintiff's ongoing or re-emergent claims arise there, not the Eastham Unit. Further, the Defendants are the same in both cases and are also located in the Southern District of Texas. Accordingly, the Magistrate Judge entered an order in 9:11cv139 transferring that case to the United States District Court for the Southern District of Texas, Galveston Division, pursuant to 28 U.S.C. §§ 1391(b) and 1404(a). That is the proper jurisdiction and venue for Plaintiff to seek relief, not here. It is accordingly

**ORDERED** that Plaintiff's letter, construed as a Motion to Reopen the instant case (docket entry #15) is hereby **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **1** day of **November, 2011.**

_____
Ron Clark, United States District Judge